**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Theut,<br><br>   Plaintiff,<br><br>v.<br><br>Aramark Corporation, *et al.*,<br><br>   Defendants. | No. CV-18-02593-PHX-JJT<br><br>**ORDER** |

  At issue is Defendants Aramark Corporation and Aramark Sports and Entertainment Services' ("Aramark") Motion for Leave to File Amended Answers, Including Third-Party Claims against the Estate of Jeffrey Darland (Doc. 109). Nonparty Estate of Jeffrey Darland ("Estate") filed a Response (Doc. 110) and also filed a Motion to Permissively Intervene for the Limited Purpose of Opposing Aramark's Motion for Leave (Doc. 111). Defendants filed a Reply (Doc. 112) in support of their Motion and a Response (Doc. 114) to the Estate's Motion for Permissive Intervention. Plaintiff Paul Theut, as *guardian ad litem* for minors D.D. and G.D., and Plaintiff Tara Gagliardi filed a non-opposition and joinder to Defendants' Motion (Doc. 113). The Court now grants Defendants' Motion for Leave to Amend (Doc. 109) and denies the Estate's Motion to Intervene (Doc. 111).

**I. BACKGROUND**

  This matter stems from a boating accident that occurred on Lake Powell in July 2016. Jeffrey Darland was operating a rented boat on his way to an Aramark resort when the boat grounded, tossing and injuring three minor passengers, including his sons G.D.

and D.D. The parties have been in protracted litigation in various forums since. This particular case was brought by Plaintiff Theut on behalf of D.D. and G.D, and was eventually consolidated with two other suits filed against Aramark—one by Jeffrey Darland and one by Plaintiff Gagliardi, the mother of D.D. and G.D. Darland died in July 2019 and the Estate was appointed in September. (Doc. 55; Resp. at 5.) The Estate did not seek to substitute into this action, and the Court dismissed Darland's claims against Aramark on January 6, 2020. (Doc. 94.) Either Darland or the Estate have been involved in at least two other actions surrounding the events: a limitation of liability action filed by the United States in the United States District Court for the District of Utah in September 2018, and a case in Arizona state court brought by Theut and Gagliardi directly against the Estate. (Resp. at 2; Reply at 4.)

Aramark now seeks to assert third-party claims against the Estate on the grounds that discovery in the limitation action has revealed that Darland was negligent in operating the boat and caused Plaintiffs' injuries. (Mot. at 2.) The proposed third-party Complaint alleges Darland was under the influence of alcohol, speeding, and maneuvering the boat outside the marked channel when the boat hit an underwater obstruction. (Doc. 109-1 at 21–24.) It alleges the minor children were not belted-in or otherwise secured onboard. Aramark contends it is entitled to contribution or indemnity against the Estate if Aramark is found liable to Plaintiffs; Aramark raises both claims in the proposed third-party Complaint. As noted above, Plaintiffs filed a non-opposition and joinder to Aramark's Motion.

**II.     LEGAL STANDARD**

Federal Rule of Civil Procedure 14(a)(1) provides that a "defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Where, as here, 14 days have passed since serving its answer, a defendant must obtain leave of the court to file the third-party complaint. The decision is then "entrusted to the sound discretion of the trial court." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983).

It is not enough that the third-party claim relates to or arises from the same transaction or set of facts as the original claim. *Id.* The third-party claim "may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative." *Id.*; *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988) ("The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff.")

The underlying principle behind Rule 14 impleader is to promote judicial efficiency by permitting the adjudication of several claims in a single action, thus eliminating circuitous, duplicative actions. *Sw. Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). In determining whether to grant leave to implead, courts consider the following factors: (1) timeliness of the motion and/or whether the movant was dilatory in filing it; (2) prejudice to the original plaintiff; (3) complication of issues in the case; (4) likelihood of trial delay; and (5) whether the proposed third-party complaint alleges a cause of action for which relief may be granted. *See Helferich Patent Licensing, LLC v. Legacy Partners, LLC*, 917 F. Supp. 2d 985, 988 (D. Ariz. 2013); *Zero Tolerance Entm't, Inc. v. Ferguson*, 254 F.R.D. 123, 126 (C.D. Cal. 2008).

### III.   ANALYSIS

Preliminarily, Aramark contends the Estate lacks standing to oppose the Motion because it is not a party to the action. (Reply at 2, citing *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 246 F.R.D. 143, 146 n.1 (E.D.N.Y. 2007); *Moore's Federal Practice* § 14.21[2] (3d ed. 1999).) Because the Court finds the factors weigh in favor of granting Aramark's Motion, in the absence of intra-circuit authority, the Court declines to rule on the standing issue.

The Estate makes much of the timing of Aramark's Motion. (*See* Resp. at 5–6.) It notes the accident occurred in July 2016 and that Aramark has known of the underlying events since at least August 2018, when the subject consolidated cases were filed. Aramark deposed Jeffrey Darland in May 2019 and therefore "has known the core factual and legal

relationship concerning the relevant parties and the facts surrounding the accident" since then. (Resp. at 5.) However, the Estate's focus on that timeline is misguided, as it overlooks that this action was stayed until April 2019. The parties then conducted jurisdictional discovery until September 2019, and motions to dismiss followed. (*See* Docs. 59, 71, 74.) Thus, Aramark did not file Answers to Plaintiffs' Amended Complaints until December 19, 2019. (Docs. 91, 92.) It filed this Motion approximately five months later, well within the July 6, 2020 deadline to file amended pleadings and add parties set forth in the Amended Scheduling Order. (Doc. 105.) While the Court agrees that Aramark could have filed the present Motion earlier, it is not untimely, nor does it suggest that Aramark acted with intentional delay or dereliction.

The Estate contends the third-party Complaint will prejudice Plaintiffs by delaying and overcomplicating the litigation. (Resp. at 7–8.) The Court is not convinced by this argument for two reasons. First, delay of trial and complexity of the issues are their own factors for consideration, as discussed below; the Estate did not present an independent reason why Plaintiffs would be prejudiced. Second, and more importantly, Plaintiffs joined Aramark's Motion to file the third-party Complaint, belying the notion that impleading the Estate would prejudice them. (Doc. 113.)

As for the potential complexity and time that an impleader may add to the case, the Court finds neither a compelling justification to deny Aramark's Motion. Aramark seeks to bring claims for contribution and indemnity against the Estate based on the alleged negligence of Jeffrey Darland. While the Court acknowledges that some of the early venue and jurisdictional issues were complicated by the fact that the accident occurred on transboundary waters, the proposed third-party Complaint is premised on a relatively straightforward theory of negligence liability. Further, it is possible that the addition of a new claim or party may extend the case by some weeks or months, but that is almost certainly the result of granting any Rule 14 or Rule 15 motion. The period for discovery here is not complete and the case is currently not scheduled for trial.

Finally, the Estate contends the proposed third-party Complaint is premised on a "legally suspect theory." (Resp. at 9.) Not so. The Ninth Circuit recently affirmed a district court's ruling on indemnity and contribution claims in an action involving negligence claims in a boating accident. *See Holzhauer v. Golden Gate Bridge Highway & Transp. Dist.*, 899 F.3d 844, 851 (9th Cir. 2018). Rather than abrogate those claims in the context of federal maritime law, it "recognized that under tort principles, 'a passively negligent party in admiralty can recover indemnity damages from a primary negligent party.'"[1] *Id.* (citing *PM Corp. v. M/V Ming Moon*, 22 F.3d 523, 526 (3d Cir. 1994).)

**IT IS THEREFORE ORDERED** granting Defendants Aramark Corporation and Aramark Sports and Entertainment Services' Motion for Leave to File Amended Answers, Including Third-Party Claims against the Estate of Jeffrey Darland (Doc. 109). Aramark has 14 days from the entry of this Order to file its amended pleading.

**IT IS FURTHER ORDERED** denying as moot the Estate of Jeffrey Darland's Motion to Permissively Intervene for the Limited Purpose of Opposing Aramark's Motion for Leave (Doc. 111). The Court considered the Estate's arguments raised in its opposition to Aramark's Motion, and therefore intervention for that sole purpose is superfluous.

Dated this 13th day of July, 2020.

Honorable John J. Tuchi
United States District Judge

---

[1] The Ninth Circuit affirmed the granting of judgment as a matter of law against the party asserting contribution and indemnity. However, that ruling was based on sufficiency of the evidence, not for lack of a cognizable legal theory. *Holzhauer*, 899 F.3d at 851–52.

- 5 -